IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10CV396-RJC-DSC

| | |
|---|---|
| PATRICK RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CASUAL MALE RETAIL )<br>GROUP, INC. and CASUAL )<br>MALE RETAIL STORE, LLC, )<br>)<br>Defendants. )<br>)<br>_____) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #8) and "Defendants' Motion to Stay Discovery" (document #10) and accompanying memorandums (documents #9 and 11) all filed December 13, 2010; and "Plaintiff's Amended Response in Opposition to Defendants' Motion to Dismiss" (document #14). On January 11, 2011, Defendants' filed their "Defendants' Reply to Plaintiff's Responses in Opposition to Defendants' Motion to Dismiss" (document #15).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant leave for Plaintiff to amend his Complaint, will deny as moot Defendants' Motion to Stay Discovery, and will respectfully recommend that the Defendants' Motions to Dismiss be denied as moot, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 22, 2010, Plaintiff filed his Complaint against Defendants in Mecklenburg County Superior Court. On August 27, 2010, Defendants removed the case to this Court. Plaintiff alleges in his Complaint that on April 6, 2009, while working as store manager, his district manager stated "we need to fill this vacancy and no way am I going to sign off on any more black people in this store. There are too many black people here, and you need another woman in here." (document #1-1, ¶19). Plaintiff disclosed the discriminatory comments to his co-employees and to other store managers that he had worked with in the past. (Id. at ¶20). On April 27, 2009, Plaintiff was terminated and replaced by a white or Hispanic female. (Id. at ¶22).

Despite alleging facts that, if proven, would support claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., the Complaint does not allege exhaustion of administrative remedies or attach an EEOC right-to-sue letter. However, in "Plaintiff's Amended Response in Opposition to Defendants' Motion to Dismiss," Plaintiff states that he did properly exhaust his administrative remedies as required by Title VII and attaches as exhibits the Charge of Discrimination filed with the EEOC on June 10, 2009 and the April 23, 2010 EEOC right-to-sue letter.

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that leave to amend should be given freely when "justice so requires." Fed. R. Civ. P. 15. After a responsive pleading has been filed, a party may amend its complaint only by leave of court or by written consent of the adverse party. Mayle v. Felix, 545 U.S. 644, 663 (2005).

Given that this case is in its early stages and no discovery has taken place, Plaintiff will, in the interest of justice, be given leave to amend his Complaint to plead his exhaustion of

administrative remedies as required by Title VII.

Moreover, it is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Therefore, because the Plaintiff has been granted leave to file an Amended Complaint which will supersede the present Complaint, the undersigned will deny as moot Defendants' Motion to Stay Discovery and will respectfully recommend that the Defendants' Motions to Dismiss be denied as moot.

### III. ORDER

**IT IS HEREBY ORDERED** that

1. Plaintiff is **GRANTED LEAVE** to amend his Complaint and shall file his Amended Complaint on or before February 1, 2011.

2. "Defendants' Motion to Stay Discovery" (document #10) is **DENIED AS MOOT**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document # 8) be **DENIED AS MOOT WITHOUT**

3

**PREJUDICE** to the Defendants' right to raise the same or any other issues in a dispositive motion related to the Amended Complaint.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 18, 2011

David S. Cayer
United States Magistrate Judge